# Marshall FORD, Appellant (Defendant Below),

v.

# STATE of Indiana, Appellee (Plaintiff Below).

## No. 49S00–9703–CR–193.

Supreme Court of Indiana.

Dec. 30, 1998.

---

Monica Foster, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Marshall Ford was found guilty of murder, Ind.Code § 35–50–2–3. The trial court sentenced him to the presumptive term of fifty-five years.

Appellant raises four issues in this direct appeal:

(1) Whether the trial court erred by admitting hearsay testimony which described the victim's state of mind;

(2) Whether reversible error occurred when the trial court failed to record bench conferences during trial;

(3) Whether Ford waived appellate review of the trial court's instruction regarding the jury's ability to rehear portions of trial testimony; and

(4) Whether imposing the presumptive sentence was manifestly unreasonable.

### Facts

On Friday, October 6, 1995, Regina Ford asked her husband Marshall to retrieve her driver's license, which she had left at the bank. When he checked the license holder to make certain that it contained Regina's driver's license, he found the license, an insurance card, and a card from Motel 6 stamped with three dates. Ford recognized one of the dates as a day when Regina returned home late in the evening. Later that day, Ford found love letters Regina had written to Dennis Davis, his best friend.

The next day, October 7, Ford discovered a letter from Regina directed to him. Later that evening, Ford revealed to Regina that he had discovered her letters to Davis.

Two days later, Ford awoke for work at 4:30 a.m. He showered, shaved, went to the garage, and retrieved his .38 caliber revolver. Ford put the gun in his pocket. He left his briefcase, keys, coat, and holster in the garage and then went inside to speak with Regina.

Ford testified that he told Regina that "[he] didn't understand what was going on with her and Dennis, but [he] loved her and [he] didn't want her to leave." (R. at 684.) He claims that she then became angry, yelled "[O]h, [f]—— you, Marshall" and pushed him away. (Id.) Ford lost control and shot Regina in the chest from about three feet away. He then shot her again from a distance of six inches.

### I. Admission of Victim's Statement

Anita Warman, a friend and co-worker of Regina Ford, testified at trial. In a conversation the Friday before the shooting, Regina "told [Warman] that she was unhappy and that she wanted to leave but she was afraid that if she left Marshall again he would kill her." (R. at 532.) The trial court admitted the statement over Ford's hearsay objection under the state of mind exception, Indiana Evidence Rule 803(3).

Ford claims that evidence of Regina Ford's state of mind was irrelevant to the course of trial proceedings. Specifically, Ford argues that Anita Warman's testimony that Regina Ford was afraid of her husband should not have been admitted.

■ We review evidentiary rulings for an abuse of discretion. *Yamobi v. State*, 672 N.E.2d 1344 (Ind.1996). We reverse only when the decision is clearly against the logic and effect of the facts and the circumstances. *Joyner v. State*, 678 N.E.2d 386 (Ind.1997).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(a). Evidence Rule 803(3) permits use of otherwise inadmissible hearsay when the statement is offered to show a declarant's then-existing state of mind. We recently discussed instances where such statements may be admissible, including: (1) to show the

intent of the victim to act in a particular way, (2) to controvert a defendant's evidence when the defendant puts the victim's state of mind at issue, and, (3) in limited circumstances, to explain physical injuries suffered by the victim at the hands of the defendant. *Taylor v. State*, 659 N.E.2d 535 (Ind.1995).

Ford argues that Regina's statement was both irrelevant and not within any hearsay exception. The State responds by submitting that the evidence is relevant because Ford put the victim's state of mind in issue.

*A. State of Mind.* Although Ford admits that he shot Regina, he claims to have been provoked. He testified that when he told Regina that he did not understand what was happening with Davis, that he wanted them to stay together, and that he loved her, she responded by saying "F—— you, Marshall" and pushed him away. (R. at 684–85.) He says her actions caused him to lose control and he shot her.

■ In the case at bar, Regina's statement falls within the Rule 803(3) exception because it indicates that she was fearful of Ford and was offered to directly controvert evidence presented by the defendant to show that Regina acted aggressively towards him and provoked his actions. *Lock v. State*, 567 N.E.2d 1155, 1159–60 (Ind.1991). "Rule 803(3) allows statements of the declarant's then-existing state of mind ... to be entered into evidence." *Ross v. State*, 676 N.E.2d 339, 345 (Ind.1996).

Of course, the state of mind declaration must be relevant to some issue in the case. Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

Here, Warman's testimony is relevant, because Ford put the victim's state of mind in issue. Warman's statements put into question Ford's claim that Regina would want to

aggravate her husband by cursing and pushing him away. Regina's expression of fear tends to contradict Ford's statement of events. While we might be inclined to say that the probative value of this evidence is less than its prejudicial effect, on these facts we cannot say that the trial court abused its discretion in admitting the evidence over the defendant's objection.

■ *B. Harmless Error.* Even if the trial court erred by admitting Warman's testimony, the error was harmless. Reversal is appropriate where erroneously admitted evidence caused prejudice to the appellant's substantial legal rights. *Martin v. State*, 622 N.E.2d 185 (Ind.1993). To determine whether an error in the introduction for evidence affected the appellant's substantial rights, the appellate tribunal must assess the probable impact of that evidence upon the jury. *Alva v. State*, 605 N.E.2d 169 (Ind.1993).

■ Ford admitted that he shot Regina. Given the substantial amount of evidence that Ford was not acting under the influence of sudden heat when he pulled the trigger, admission of evidence that Regina feared her husband was only slightly prejudicial. First, Ford discovered evidence of his wife's affair with his best friend, Dennis Davis, three days prior to the shooting.[1] Second, Ford's claim that he put his pistol in his pocket on his way to work was undermined by the fact that he left his briefcase, keys, coat and holster in the garage.[2] Finally, Ford shot Regina twice, the second from close range, which would indicate that her murder was intentional.. The nature of the evidence against Ford is such that admission of Regina's expression of fear that her husband would kill her was only slightly prejudicial.

## II. Failure to Record Bench Conferences

Ford claims that his right to appeal was violated by the trial court's failure to provide

---

1. Among other items, Marshall Ford found a Motel Six card with one date that corresponded to an evening when Regina did not return home until late and two love letters Regina had written to Davis.

2. The fact that Ford left the holster behind in his garage suggests that he carried the gun back to the house with the intention of killing Regina. Three witnesses testified that Ford always carried his gun in a holster.

a complete transcript of the proceedings. He asserts specifically that the trial court did not record bench conferences.

■■ Appellant bears the burden of presenting a record that is complete with respect to the issues raised on appeal. *Clark v. State,* 562 N.E.2d 11 (Ind.1990). This burden is sustained by submitting a transcript of the trial proceedings or, where no transcript is available, an affidavit setting forward the content of the proceedings. *Id.* (citing Ind.Appellate Rule. 7.2(A))[3]; *see also Ruetz v. State,* 268 Ind. 42, 46, 373 N.E.2d 152, 154–55 (1978) (substitution of affidavit in place of verbatim transcript was not denial of due process).

■ Here, the parties were able to reconstruct bench conferences by affidavit and submitted them to this Court in the form of a supplemental record. Ford's argument concerns six unrecorded bench conferences. Affidavits as to the substance of these proceedings were provided by Dennis Zahn and James Voyles, defense counsel for Ford at trial, (Supp.R. at 779–81, 782–84), and deputy prosecutors Sheila Carlisle, (Supp.R. at 786–88), and Carl Brizzi, (Supp.R. at 792–94).

The parties reconstructed these bench conferences according to the terms provided in App.R. 7.2(A)(3)(c). Ford's right to an appeal was thus not jeopardized by the trial court's failure to record.

### III. Jury Instruction # 16

Ford contends that fundamental error occurred when the trial court instructed the jury that it could not rehear any portion of the trial.

In jury instruction # 16, the judge indicated that "[r]egarding testimony, the law prevents me from allowing you to rehear any

recording or any part of it or allow you to read any transcript or any part of it." (R. at 107.)

■ If a defendant fails to object to an instruction at trial, he has waived his challenge to the instruction. *Fulmer v. State,* 523 N.E.2d 754, 756 (Ind.1988). Because Ford failed to object to this instruction at trial, he waived this claim. ⸱

Ford attempts to avoid this waiver by claiming the instruction constituted fundamental error. He argues that the error is blatant because the tendered instruction is directly contrary to Indiana Code section 34–1–21–6.[4]

The error in question cannot be said to so prejudice Ford's rights as to make a fair trial impossible. *Tobias v. State,* 666 N.E.2d 68, 69 (Ind.1996). Ford's complaint would have been most properly addressed at the trial level. This Court views the fundamental error exception to the waiver rule as an extremely narrow one, available only "when the record reveals clearly blatant violations of basic and elementary principles [of due process], and the harm or potential for harm [can]not be denied." *Warriner v. State,* 435 N.E.2d 562, 563 (Ind.1982). Ford's fundamental error argument fails.

### IV. Ford's Sentence Was Reasonable

Ford argues that the presumptive sentence for murder was manifestly unreasonable because the court found that Ford was not a threat to anyone else and that the shooting was provoked by Ford's knowledge of his wife's extramarital affair.

■ Sentencing decisions are within the discretion of the trial court and we reverse only upon a showing of manifest abuse of that discretion. *Sims v. State,* 585 N.E.2d

---

3. Indiana Rule of Appellate Procedure 7.2(A)(3)(c) provides in part:

> If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including his recollection.... *If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification.*

4. Section 34–1–21–6 provides as follows:

> After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

Ind.Code Ann. § 34–1–21–6 (West 1983) (repealed 1998, recodified as Ind.Code § 34–36–1–6 (West Supp.1998)).

271 (Ind.1992). When a trial court imposes the presumptive sentence, we presume on appeal that the trial court considered the proper factors in making its sentencing determination. *Hammons v. State*, 493 N.E.2d 1250 (Ind.1986). We revise these determinations only when we are satisfied that the sentence is manifestly unreasonable. App.R. 17(B).

 In mitigation, the trial judge recognized that (1) Ford had a negligible criminal history, (2) Ford attempted to be a good father, and (3) Ford was provoked into shooting Regina. The judge found as aggravating circumstances (1) that Ford caused hardship to his children by depriving them of their parents and (2) that his obsessive, controlling behavior precipitated the crime.

It appears clear from the statement the trial judge made at the close of the sentencing hearing that she gave adequate thought and consideration to the balancing of aggravating and mitigating factors. Given these factors, imposing the presumptive sentence was reasonable and appropriate.

### V. Conclusion

We affirm the sentence imposed by the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.