## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 05 2015, 10:00 am
CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

J.W.
Carmel, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| J.W.,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>P.B.,<br>*Appellee-Respondent* | February 5, 2015<br><br>Court of Appeals Cause No.<br>16A01-1406-DR-239<br><br>Appeal from the Decatur Circuit<br>Court.<br>The Honorable Kathleen Tighe<br>Coriden, Special Judge.<br>Cause No. 16C01-0805-DR-182 |

**Baker, Judge.**

[1] J.W. appeals the trial court's order reducing P.B.'s child support obligation. Finding no error, we affirm.

## Facts

[2] J.W. (Mother) and P.B. (Father) were married for seventeen years and have four children together. In 2008, their marriage was dissolved.

[3] On January 7, 2013, the trial court issued an order requiring Father to pay Mother $227 in weekly child support for the three children who were still under the age of nineteen.

[4] On February 28, 2013, one of Mother and Father's daughters turned nineteen. On May 24, 2013, Father filed a petition to modify child support. The trial court recalculated Father's child support obligation for the two minor children, giving Father a parenting time credit for 98 overnights per year. The trial court concluded that Father owed $163.50 per week in child support.

[5] The trial court ordered Father to make weekly payments of this amount to Mother and gave him a credit for any amount he may have paid in excess of this amount from the date of the filing of the petition. Mother now appeals.

## Discussion and Decision

[6] Mother argues that the trial court incorrectly calculated Father's child support obligation by giving him credit for too many overnights. We will affirm a trial court's award of child support unless it is clearly erroneous, meaning that the determination is clearly against the logic and effect of the facts and

circumstances before the court. *In re Paternity of Jo.J.*, 992 N.E.2d 760, 766 (Ind. Ct. App. 2013). We will consider only the evidence and reasonable inferences supporting the judgment and will not reweigh the evidence or judge the credibility of the witnesses. *Id.*

[7] Mother claims that Father incorrectly reported the number of overnights he had with the children on the child support worksheet that he presented to the trial court. Mother argues that, "[w]hen child support is calculated using the actual number of overnights, the outcome is significantly different from what was ordered . . . ." Appellant's Br. p. 5. Mother fails to specify what she believes to be the correct number of overnights.

[8] Mother has also failed to include a transcript of the relevant hearing in the record. On appeal, the appellant bears the burden of presenting a record that is complete with respect to the issue raised. *Ford v. State*, 704 N.E.2d 457, 461 (Ind. 1998). Here, we are left with nothing other than the trial court's order— and Mother's assertion that the order is clearly erroneous—on which to base our judgment. We simply do not know what was before the trial court. Consequently, we are forced to conclude that Mother has failed to meet her burden.

[9] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.