## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2015, 6:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandy L. Bennett, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 15, 2015 <br><br> Court of Appeals Case No. 48A02-1412-CR-868 <br><br> Appeal from the Madison Circuit Court <br><br> Lower Court Cause No. 48D04-0911-FD-466 <br><br> The Honorable David A. Happe, Judge |

**Pyle, Judge.**

## Statement of the Case

[1] Appellant/Defendant, Brandy L. Bennett ("Bennett"), appeals the trial court's revocation of her probation. Specifically, she argues that the trial court abused

its discretion in revoking her probation because there was insufficient evidence that she violated her probation by committing a new offense, failing to report to the Probation Department, and failing to provide verification of her employment. We disagree and conclude that the trial court did not abuse its discretion.

[2] We affirm.[1]

# Issue

Whether the trial court abused its discretion by revoking Bennett's probation.

# Facts

[3] On November 4, 2009, the State charged Bennett with Class D felony operating a vehicle as an habitual traffic violator.[2] On November 16, 2009, Bennett entered into a plea agreement where she pled guilty to the Class D felony as charged. The trial court sentenced Bennett to thirty-six (36) months in the Department of Correction, with twenty-four (24) months executed, and twelve (12) months suspended to probation. The trial court ordered her sentence to

---

[1] We note that Bennett included a copy of the Transcript in her Appellant's Appendix. We direct counsel's attention to Indiana Appellate Rule 50(F), which provides that "[b]ecause the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

[2] IND. CODE § 9-30-10-16(a)(1). We note that effective July 1, 2014, a new version of this habitual traffic violator statute was enacted and that the Class D felony offense is now a Level 6 felony. Subsequently, the legislature amended this statute during the most recent legislative session, and this amendment went into effect on July 1, 2015. However, we will apply the version of the statute in effect at the time of Bennett's offense.

run consecutive to another cause and placed her in community corrections on home detention for her executed time.

[4] On November 25, 2013, the State filed a notice of probation violation, alleging:

> 3. That [Bennett] violated these conditions of [her] sentence and/or probation as follows:
>
> a. Not to violate the laws of Indiana or the U.S. and failure to behave well in society: On/about 03/29/13, you are alleged to have committed the following new criminal offense(s): [count] I: Forgery, Class C Felony, as filed in Madison County Circuit Court IV under Cause Number 48C04-1308-FC-001492 [("forgery cause")];
>
> b. Failed to report timely to the Probation Department;
>
> c. Failed to report to the Probation Department your new arrest of 11/24/13 within 48 hours of said arrest;
>
> d. Failed to maintain employment and/or verify employment to the Probation Department.

[5] (App. 40). The trial court set a probation revocation hearing for December 2013, but Bennett failed to appear. Thereafter, the trial court issued a warrant for her arrest.

[6] Almost a year later, on November 10, 2014, the trial court held an initial hearing on Bennett's probation violation and an initial hearing on her forgery

cause.[3] In regard to her probation revocation notice, she denied the allegations, and the trial court set an evidentiary hearing.[4]

[7] At the probation revocation evidentiary hearing on November 17, 2014, Carl Chambers ("Chambers"), a probation officer, testified that Bennett had failed to report to the Probation Department for her appointment on October 3, 2013 and had failed to provide any verification of employment. Chambers was not her assigned probation officer, but he testified that he was familiar with her file. During the hearing, and upon the State's request, the trial court also took judicial notice of the probable cause affidavit and the charging information from the forgery cause. The following excerpt is the conversation between the trial court, the State, and defense counsel regarding the judicial notice:

> [State]: No, Your Honor. The State would request that the court take notice of its file in [Bennett's forgery cause].
>
> Court: [Defense Counsel], any reason not to do that?
>
> [Defense Counsel]: I guess I would object as to taking notice of anything within the file. But I mean as far as the fact that there is a cause number, no objection as to the fact that there's a cause number.

---

[3] During the joint hearing the trial court read the forgery cause charging information, which provided that "[o]n or about March 29, 2013, in Madison County, State of Indiana, Brandy Lou Bennett did, with intent to defraud, make, utter, or possess a written instrument, to wit: a drug screen medical report, in such a manner that it purported to have been made by another person, at another time, with different provisions or by authority of one who did not give authority." (Tr. 8).

[4] Additionally, at the end of the hearing on November 10, 2014, the trial court asked Bennett about her failure to appear at prior hearings, and she admitted that she intentionally failed to appear. The trial court ordered her to serve fourteen days for contempt of court.

Court: Specifically, [State], are you asking me to take judicial notice of the probable cause affidavit in that case?

[State]: Yes, Your Honor, the probable cause affidavit and the charging information.

Court: All right.

[Defense Counsel]: And that I would object to as it contains multiple amounts of hearsay.

Court: All right. [State]?

[State]: And in the violation setting, Your Honor, that hearsay would be sufficiently reliable for the court to make a determination based on that document.

Court: And what is it that makes it reliable in this context?

[State]: Your Honor, it is referencing specifically the charges in the notice of violation of probation, the investigation done by Detective Brett Busby, and he has signed the affidavit.

Court: All right. We'll retrieve that file, I will take judicial notice of the file including the documents contained therein including the probable cause affidavit.

[8]  (Tr. 22-24).[5]  After the trial court reviewed the records from the forgery cause, the trial court referenced an additional "indicia of reliability" from the probable cause affidavit, noting that it "extensively cross reference[d] communications with medical institutions and medical care providers." (Tr. 24). The trial court noted that the reliability of the document was enhanced because the cross references could easily be checked with the listed individuals, which made the

---

[5] The record reveals that the State had requested a subpoena for Detective Busby to appear in court. Due to a processing issue with the subpoena, the trial court was not able to serve it in time for the hearing.

document less likely to be fabricated. After the State rested, Bennett did not testify, present evidence, or otherwise challenge the contents of the probable cause affidavit and the charging information.

[9] At the end of the hearing, the trial court concluded that, "[b]ased on the uncontroverted evidence from the State[,]" Bennett had violated the conditions of her probation, specifically paragraphs 3(a), 3(b), and 3(d) of the notice. (Tr. 26). The trial court revoked Bennett's probation and sentenced her to one (1) year in the Department of Correction. Bennett now appeals.

## Decision

[10] Bennett challenges the trial court's determination that she violated probation. Specifically, she argues that the trial court's decision was based on insufficient evidence, and she requests that she be returned to probation.

[11] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation when the conditions are violated. *Id*. Probation revocation is a two-step process. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). First, the trial court must make a factual determination that a violation of probation has occurred. *Id.* If that violation is proven, the trial court then must determine if it warrants revocation of probation. *Id*.

[12] In determining whether to revoke probation, a court may consider "any relevant evidence bearing some substantial indicia of reliability," including

"reliable hearsay." *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*. *See also Reyes v. State*, 868 N.E.2d 438, 442 (Ind. 2007) (quoting *U.S. v. Kelley*, 446 F.3d 688, 693 (7th Cir. 2006)) (holding that the substantial trustworthiness test should be employed in evaluating "the reliability of the hearsay evidence" in which the trial court explains on the record why the hearsay is reliable and sufficient), *reh'g denied*.

[13] We review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id*. We consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). We will affirm the trial court's decision to revoke probation if there is substantial evidence of probative value to support the court's decision. *Id*. A violation of a single condition is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind. Ct. App. 1999). The alleged violation need only be proven by a preponderance of evidence. *Id*.

[14] Bennett argues that the State failed to prove, by a preponderance of evidence, that she violated a condition of her probation. She contends that there is no evidence in the record that she: (1) committed a new offense; (2) failed to report to the Probation Department; or (3) failed to submit employment verification.

[15] First, Bennett asserts that there is no evidence or documentation in the record to show that she violated probation by committing another offense. Before addressing her argument, we note that an arrest alone or the mere filing of a criminal charge does not warrant revocation. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). "Instead, when the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense." *Id*.

[16] In support of her argument, Bennett cites *Jackson*, in which this Court held that a copy of an indictment alone was not sufficient evidence to show that the defendant had violated probation by committing a new offense. *Id*. Rather, it only showed that he was "being charged with a new offense." *Id*. Unlike in *Jackson*, where a copy of an indictment was the only evidence, the trial court in this case took judicial notice of both a probable cause affidavit and charging information. Bennett claims that judicial notice of the probable cause affidavit and the charging information from her forgery cause should not stand as sufficient evidence because it was not included in the record. Thus, she appears to argue that the trial court erred by taking judicial notice of the records in her forgery cause and challenges the sufficiency of the evidence contained therein.

[17] In regard to her challenge to the trial court's ability to take judicial notice, we have held that trial courts can take judicial notice of its own records in another case previously before the court on a related case with related parties in probation revocation proceedings. *See Whatley v. State*, 847 N.E.2d 1007, 1009

(Ind. Ct. App. 2006) (relying on *Henderson v. State*, 544 N.E.2d 507, 513 (Ind. 1989)) (holding that the trial court did not err during a probation revocation proceeding, by taking judicial notice of a record from another case). Presently, Indiana Rule of Evidence 201 provides that "court[s] may judicially notice a fact that . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." It also states that "[a] court may judicially notice a law, which includes . . . records of a court of this state[.]"[6] Therefore, the trial court did not err in taking judicial notice of the probable cause affidavit and the charging information from Bennett's forgery cause. *See, e.g. Whatley*, 847 N.E.2d at 1010; *Withers v. State*, 15 N.E.3d 660, 664 (holding that a trial court, when terminating a defendant's placement in a drug court program, could take judicial notice of attendance reports and reinstate the sentence).

[18] To the extent that Bennett now challenges the sufficiency of the probable cause affidavit and the charging information, she has waived this argument by failing to include the judicially-noticed documents in the record on appeal. *See Nasser v. State*, 727 N.E.2d 1105, 1110 (Ind. Ct. App. 2000) (holding that a defendant waived appellate review of his sentencing issue where he failed to provide our Court with his presentence investigation report). Another panel of this Court

---

[6] We recognize that the Rules of Evidence do not generally apply in probation revocation proceedings. *See Reyes*, 868 N.E.2d at 440; Indiana Evidence Rule 101(d)(2) (formerly Evid. R. 101(c)(2)).

has discussed the difficulty that judicial notice can pose for appellate review and the need to include judicially-noticed records from another court into the record of a case on appeal.[7] *See In re D.K.*, 968 N.E.2d 792, 797 (Ind. Ct. App. 2012) (citing *Graham v. State*, 941 N.E.2d 1091, 1097 (Ind. Ct. App. 2011), *aff'd on reh'g*, 947 N.E.2d 962 (Ind. Ct. App. 2011).

[19]   In *D.K.*, we addressed the use of judicially-noticed documents from a children in need of services ("CHINS") proceeding in a termination of parental rights ("TPR") proceeding. *D.K.*, 968 N.E.2d at 796 (citing *Graham*, 941 N.E.2d at 1097). We also addressed the difficulty posed on appeal when these judicially-noticed documents, which were relied upon by the trial court in deciding the TPR case, were not included in the appendix nor otherwise included in the record on appeal. *Id.* We compared the procedural and evidentiary similarities of a TPR case and a post-conviction relief ("PCR") case as both "refer to and rely heavily upon records in different, but related, proceedings." *Id.* We then generally explained that when a trial court takes judicial notice of records of another court under Evidence Rule 201(b), "there must be some effort made to include such 'other' records in the record of the current proceeding." *Id.* at 796 (relying on *Graham*, 947 N.E.2d at 964-65). However, we more specifically explained that "if a party on appeal wishes to rely on parts of the 'other' record or records in making an argument before this court, it should include those

---

[7] Generally, it is good practice by the trial court to include judicially-noticed documents in the record because of the possibility that the case could be reviewed on appeal.

parts in an appendix submitted to this court[.]" *Id.* at 797. We explained that such action is required by the party relying on the judicially-noticed court records because our Court has "limited access" to the contents of filings in the records of a trial court. *Id.* at 797 n.3.

[20] Here, the trial court relied upon records from Bennett's forgery cause, specifically her probable cause affidavit, when deciding this revocation case. On appeal, Bennett now challenges the content of this judicially-noticed probable cause affidavit, arguing that it was not sufficient to show that she violated probation by committing another crime. Because her appellate argument relies on this record, she should have included it in her Appellant's Appendix. *See Id*. at 797. Indeed, we have clarified that the appellant bears the burden of presenting a complete record with respect to the issues raised on appeal, and the failure to do so "hampers our ability to consider the appellate argument." *Eiler v. State*, 938 N.E.2d 1235, 1237 n.2 (Ind. Ct. App. 2010), *reh'g denied*. *See also Ford v. State*, 704 N.E.2d 457, 461 (Ind. 1998), *reh'g denied.*

[21] We recognize that, Indiana Appellate Rule 49(B) states that a party's failure to include any item in an appendix shall not waive any issue on argument. However, here, because Bennett appears to be challenging the sufficiency of the judicially-noticed documents from her forgery cause, she needed to abide by our appellate rules and include those documents in the record on appeal. *See D.K.*, 968 N.E.2d at 797. Because she has failed to do so, she has waived any challenge to the sufficiency of the judicially-noticed records. *See Nasser v. State*, 727 N.E.2d at 1110.

[22] Bennett also contends that there was insufficient evidence to show that she failed to report to the Probation Department or that she failed to verify her employment. She claims that because Chambers testified that he was unaware as to whether her probation officer was present in the office on the day that she was supposed to appear, it cannot be proven by a preponderance of evidence that she failed to report to the office or verify her employment. However, Chambers also testified that Bennett had not reported to probation on October 3, 2013, and that she never provided *any* verification of her employment. Therefore, Bennett's argument amounts to nothing more than a request to reweigh the evidence, which we will not do. *Murdock*, 10 N.E.3d at 1267.

[23] Based on the record before us, we conclude that the trial court did not abuse its discretion by revoking Bennett's probation, and we affirm the trial court's revocation of her probation.

[24] Affirmed.

Crone, J., and Brown, J., concur.