## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2017, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacqueline R. Parke, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 13, 2017 <br><br> Court of Appeals Case No. <br> 48A02-1702-CR-381 <br><br> Appeal from the <br> Madison Circuit Court <br><br> The Honorable <br> Thomas Newman, Jr., Judge <br><br> Trial Court Cause No. <br> 48D03-1006-FB-246 |

**Kirsch, Judge.**

[1] Jacqueline R. Parke ("Parke") appeals the trial court's revocation of her probation and the resulting sentence. On appeal, she contends that the

revocation was not supported by sufficient evidence and that the trial court abused its discretion by ordering her to serve the rest of her previously-suspended sentence in the Indiana Department of Correction ("DOC").

[2] We affirm.

## Facts and Procedural History

[3] In July 2011, Parke pleaded guilty to Class B felony burglary, Class D felony theft, Class C felony forgery, and two counts of Class D felony fraud, pursuant to a plea agreement that capped her executed sentence at ten years and required her "to be evaluated for the Madison County Drug Court [("Drug Court")] program." *Appellant's App. Vol. II* at 5. The trial court sentenced Parke to an aggregate sentence of fifteen years, with six years executed on home detention and nine years suspended to probation.

[4] In November 2011, Parke was accepted into and agreed to comply with the rules of the Drug Court program. As part of that agreement, Parke acknowledged that the trial court would revisit her sentence if she did not complete the program. *Id.* at 54. On September 27, 2012, the Drug Court filed a request that Parke be terminated from the program,[1] which the trial court denied. In December 2012, when Parke again failed to appear in Drug Court,

---

[1] Drug Court alleged that Parke had failed to appear in court and had violated the Drug Court rules that prohibited her: (1) from threatening a Drug Court participant or staff member in a violent way; and (2) from having a romantic relationship with another Drug Court participant. *Appellant's App. Vol. II* at 58.

the trial court administratively terminated Parke from the program, finding that her thirty-day absence from Drug Court constituted a voluntary withdrawal from the program. *Id.* at 10. The trial court held a sanctions hearing, and, on January 28, 2013, the trial court ordered Parke to complete her sentence with DOC. *Id.* at 64, 65.

[5] Parke filed two unsuccessful motions to modify her sentence, one in September 2013 and one in November 2014. In August 2015, the trial court granted a sentence modification, releasing Parke from DOC and placing her back on probation with the requirement that she complete the Re-Entry Court program. *Id.* at 67. As part of the Re-Entry Court program, Parke enrolled in services at Sowers of Seeds Counseling ("Sowers of Seeds") in Anderson, Indiana. As we describe in greater detail below, Parke was later charged with an April 2016 burglary of the Sowers of Seeds building.

[6] On May 11, 2016, the trial court received notice from the Re-Entry Court program requesting that Parke be terminated from the program for failing to submit to multiple drug tests, testing positive for cocaine, and absconding from the program. *Id.* at 72-73. That same day, the trial court administratively terminated Parke from the Re-Entry Court program after finding that she voluntarily withdrew from the program by "absconding" for more than thirty days. *Id.* at 15, 75.

[7] On December 28, 2016, the probation department filed a notice of probation violation, alleging that Parke had violated the conditions: (1) that she behave

well in society and not commit a crime; and (2) that she successfully complete the Re-Entry Court program. *Id*. at 76. The trial court held a hearing on January 23, 2017, during which (1) Parke admitted that she failed to complete the Re-Entry Court program, and (2) the State presented evidence that Parke committed the April 2016 burglary. During the disposition portion of the hearing, Parke presented evidence that she had recently been diagnosed with bipolar disorder and that she had been helping to care for her family. *Tr*. at 31, 40.

[8] The trial court found that the State had proven both allegations by a preponderance of the evidence and revoked Parke's probation. The trial court ordered Parke to serve the remainder of her sentence in DOC. Parke now appeals. We add facts pertinent to the burglary in the sufficiency section below.

## Discussion and Decision

[9] Parke challenges the sufficiency of the evidence to support the revocation of her probation and contends that the trial court abused its discretion when it ordered her to serve the remainder of her previously-suspended sentence in DOC. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*; *see also* Ind. Code § 35-38-2-3(a). "Once a trial court has exercised its grace by ordering probation rather than incarceration,

the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id*. Accordingly, we review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law." *Jackson*, 6 N.E.3d at 1042.

[10] Probation revocation is a two-step process. *Id*. "First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Id*. (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*. We discuss those elements in turn.

### A. Sufficient Evidence to find Probation Violation

[11] Parke argues that the trial court erred in revoking her probation. The court may revoke a person's probation if the person has violated a condition of probation during the probationary period. Ind. Code § 35-38-2-3. On December 28, 2016, the State filed a notice alleging:

> 7. That you violated those conditions of your sentence and/or probation as follows:

(a) Not to violate the laws of Indiana or the U.S. and failure to behave well in society: On/about 04/16/2016, you are alleged to have committed the following new criminal offense(s): Burglary and Theft, as filed in Madison County Circuit Court, Division I under cause number(s): 48C01-1605-FS-1050; [and]

b) Failure to successfully complete Re-Entry Court.

*Appellant's App. Vol. II* at 76.

[12] Parke admits that she violated her probation by failing to successfully complete the Re-Entry Court program.[2] *Tr.* at 4. However, she contends that there was insufficient evidence for the trial court to find by a preponderance of the evidence that she committed the crime of burglary. *Appellant's Br.* at 8. We begin by noting that Parke's admission to having violated one condition of her probation is sufficient, alone, to support probation revocation. *See Figures v. State*, 920 N.E.2d 267, 273 (Ind. Ct. App. 2010) ("Proof of any one violation is sufficient to revoke a defendant's probation."). Even so, we find that the State's evidence, which we summarize below, was sufficient to support the trial court's finding that Parke committed burglary in April 2016.

---

[2] The notice requesting that Parke be terminated from the Re-Entry Court program alleged, in part, that Parke failed to submit to multiple drug tests, tested positive for cocaine, and absconded from the program. *Appellant's App. Vol. II* at 72-74. The trial court terminated Parke from the Re-Entry Court program finding that Parke's absence from the program was equivalent to her having voluntarily withdrawn.

[13] To revoke Parke's probation on the basis that she committed the criminal offense of burglary, the State had to prove by a preponderance of the evidence that Parke broke and entered a structure of another with intent to commit a felony therein, that is, that Parke broke and entered the Sowers of Seeds building with intent to commit theft therein. Ind. Code § 35-43-2-1. Parke was a client of, and volunteered for, Sowers of Seeds; however, she did not have a key and had no reason to be in or near that establishment in the early hours of Saturday, April 16, 2016. *Tr.* at 11. Just past midnight that night, Sowers of Seeds's newly installed security cameras recorded Parke walking up to the front door of the business, and later to the back door, and using a key to try to enter the building. Being unable to open those doors, Parke walked to a side door, a window of which was later found broken. *Id.* at 6. Three hours later, a security camera recorded Parke leaving the building by the same side door and walking toward her car. *Id.* at 23-24.

[14] On Monday, April 18, 2016, Sowers of Seeds Executive Director, Susan Bottoms ("Bottoms"), arrived at the building and discovered the broken window. *Id.* at 6. Further investigation revealed that a key, which had been in the office where Parke volunteered, was missing. *Id.* at 7. After reviewing the security tapes, Bottoms identified Parke as the person on the security recording. *Id.* Inside the building, Bottoms found that a locked filing cabinet, where the petty cash was kept, had been damaged by someone trying to repeatedly pry it open. *Id.* at 6, 11, 14.

[15] "We review insufficiency of evidence claims in a probation proceeding as we do any other sufficiency of the evidence question." *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). We will not reweigh evidence or judge credibility of witnesses. *Id.* We look only at the evidence favorable to the State and all reasonable inferences therefrom. *Id.* When the alleged violation is the commission of a new crime, the State does not need to show that the probationer has been convicted of another crime. *Richeson v. State*, 648 N.E.2d 384, 389 (Ind. Ct. App. 1995), *trans. denied*. Where a decision is based, at least in part, on circumstantial evidence, the "evidence need not overcome every reasonable hypothesis of innocence." *Johnson v. State*, 9 N.E.3d 186, 191 (Ind. Ct. App. 2014), *trans. denied*. Upon arriving at the Sowers of Seeds premises, Parke did not immediately break into the building; instead, she confidently tried a key on each door, a key that Bottoms later discovered was missing from the office where Parke had volunteered earlier that same day. A locked filing cabinet containing the petty cash showed signs of Parke's repeated attempts to pry it open. This evidence was sufficient to support a finding that Parke entered the building with the intent to commit the felony of theft therein.

[16] On appeal, Parke argues there was insufficient proof that she entered the building and no evidence that she intended to commit theft. *Appellant's Br.* at 9. We disagree. Here, the evidence from the security camera supports a strong and reasonable inference that Parke was the person who broke into the facility. Additionally, Parke's intent to commit theft can reasonably be inferred from the apparent efforts to pry open the filing cabinet where petty cash was stored.

"Burglars rarely announce their intentions at the moment of entry, so their intent to commit a specific felony at the time of breaking and entering may be inferred from the circumstances." *Baker v. State*, 968 N.E.2d 227, 229-30 (Ind. 2012). Parke was a Sowers of Seeds client and performed community service there; it is likely that she knew money was stored inside the locked cabinet. The trial court had ample support for its decision to revoke Parke's probation.

### *B. Sentence*

[17] Parke argues that the trial court abused its discretion by ordering her to serve the remainder of her previously-suspended sentence in DOC. "We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion." *Johnson v. State*, 62 N.E.3d 1224, 1229-30 (Ind. Ct. App. 2016). "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court." *Id*.

[18] Here, Parke was given a second chance to serve in alternative placement. That is, Parke had previously been placed in home detention and Drug Court, and when Drug Court terminated Parke's participation due to her thirty-day absence, the trial court ordered Parke to serve the remainder of her sentence with DOC. Parke, however, was given a second chance when, in 2015, the trial court modified her sentence, placed her back on probation, and ordered her to successfully complete the Re-Entry Court program. Parke did not complete the Re-Entry Court program and was again terminated from that court for "absconding." *Appellant's App. Vol. II* at 15. In April 2016, Parke committed the burglary at Sowers of Seeds.

During the sentencing portion of the probation revocation hearing, the trial court explained:

> [T]his court has stuck it's [sic] neck out for Jacqueline Parke so many times. I've given her many many opportunities and it's unbelievable how she can do well for a while and then she just sort of blows everything off and takes those opportunities that I gave her and then takes advantage of me and there's just nothing left so I'm revoking her and sending her to the [DOC.]

*Tr.* at 46. Under these circumstances, the trial court's order that Parke complete her sentence in DOC is not clearly against the logic and effect of the facts and circumstances. *See Jackson*, 6 N.E.3d at 1042 (trial court abuses its discretion where the decision is clearly against logic and effect of facts and circumstances).

Affirmed.

Najam, J., and Brown, J., concur.