# FOR PUBLICATION



**FILED**
Apr 15 2014, 9:52 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LUCAS H. JACKSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 62A04-1311-CR-563 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable Mary Lucille "Lucy" Goffinet, Judge
Cause No. 62C01-1109-FD-623

**April 15, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Lucas H. Jackson ("Jackson") appeals the trial court's revocation of his probation. We reverse.

## ISSUE

Whether the trial court abused its discretion by revoking Jackson's probation based upon Jackson being charged with an additional offense.

## FACTS

In September 2011, the State charged Jackson with Class D felony possession of a controlled substance, Class B misdemeanor public intoxication, and Class C misdemeanor illegal consumption of an alcoholic beverage. In February 2012, Jackson entered into a written plea agreement in which he pled guilty to the Class D felony charge in exchange for the State's dismissal of the two misdemeanor charges. Thereafter, the trial court accepted Jackson's plea and imposed a 730 day sentence with 124 days executed and 606 days suspended to probation. As a condition of Jackson's probation, the trial court ordered that Jackson "shall not commit any act(s) which would be a crime during the period of probation." (App. 39).

At some point, Jackson moved to Kentucky and had his probation transferred there. On November 7, 2012, the State filed a notice of probation violation, alleging that Jackson had "violated one or more of the terms and conditions of probation to-wit: On October 27, 2012, [the] State of Kentucky, County of Hancock, file[d] charges of Sexual Abuse, 1st Degree, Victim under 12 years of age, in cause 12-F-00074." (App. 45).

On September 26, 2013, the trial court held an evidentiary hearing. During this hearing, the State argued that Jackson had violated the term of probation prohibiting him from committing any acts which would be a crime during his period of probation. Jackson's probation officer testified that Jackson violated this probationary condition by being charged with the offense of sexual abuse in Kentucky. The State introduced a copy of the Kentucky indictment into evidence over Jackson's objection. The indictment provided:

> The Grand Jury charges:
>
> COUNT ONE: That on or about September 13, 2012 in Hancock County, Kentucky, the above-named defendant, Lucas Jackson, committed the offense of Sexual Abuse in the First Degree Victim Under 12 Years of Age, when he subjected O.N., a minor under twelve (12) years of age, to sexual contact.
>
> COUNT TWO: That on or about September 13, 2012 in Hancock County, Kentucky, the above-named defendant, Lucas Jackson, committed the offense of Sexual Abuse in the First Degree Victim Under 12 Years of Age, when he subjected O.N., a minor under twelve (12) years of age, to sexual contact.

(State's Ex. 1). The probation officer testified that the grand jury indictment constituted a violation of Jackson's probation. No other evidence was introduced, and Jackson did not testify during the revocation hearing.

At the end of the hearing, the trial court concluded that "the State ha[d] met its burden of proof" and determined that Jackson was "in violation of his probation as set forth in the notice of violation filed November the 7th of 2012." (Tr. 12). Specifically, as provided in the trial court's revocation order, the trial court concluded that Jackson was "in violation of the terms and conditions of probation by being charged with a new

3

offense on October 27, 2012, in the State of Kentucky, County of Hancock, of Sexual Abuse, 1st Degree, Victim under 12 years of age, in Cause 12-F-00074." (App. 67).

During the October 2013 disposition hearing, the State asserted that "the basis of the [probation] violation is . . . that the defendant was charged with a new crime" and asked the trial court to revoke Jackson's probation and to impose his previously suspended sentence. (Tr. 19). Jackson's counsel stated that Jackson's Kentucky case was still pending and asked the trial court to continue Jackson on probation. The trial court revoked Jackson's probation and ordered Jackson to serve his previously suspended 606 day sentence.

## DECISION

Jackson challenges the trial court's determination that he violated his probation. Specifically, he argues that the trial court abused its discretion by revoking his probation based solely upon a charge being filed against him.

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.*; *see also* Ind. Code § 35–38–2–3(a). We review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law. *Id.*

4

"When a probationer is accused of committing a criminal offense, an arrest alone does not warrant the revocation of probation." *Johnson v. State*, 692 N.E.2d 485, 487 (Ind. Ct. App. 1998). Likewise, the mere filing of a criminal charge against a defendant does not warrant the revocation of probation. *Martin v. State*, 813 N.E.2d 388, 391 (Ind. Ct. App. 2004). Instead, when the State alleges that the defendant violated probation by committing a new criminal offense, the State is required to prove—by a preponderance of the evidence—that the defendant committed the offense. *Heaton*, 984 N.E.2d at 617.

Jackson argues that the State failed to prove by a preponderance of the evidence that he had committed a new offense while on probation.

The State contends that Jackson's arrest warrant "established the basis for the offenses" charged against Jackson, and the State asserts that "[t]his evidence" showed that Jackson had violated his probation by committing a new offense and was "more than sufficient to meet the preponderance of the evidence standard." (State's Br. 7). However, as Jackson points out in his Reply Brief, the arrest warrant cannot support a finding of a probation violation because it was not introduced as evidence at the revocation hearing.[1]

Here, the only probation violation alleged by the State was that criminal charges had been filed against Jackson in Kentucky. The only evidence submitted at the evidentiary hearing was a copy of the indictment against Jackson and the probation officer's assertion that the indictment constituted a violation of Jackson's probation that he not commit another crime during probation. The trial court did not determine, by a

---

[1] The arrest warrant is, however, contained in the Appendix.

5

preponderance of the evidence, that Jackson had actually committed a new criminal offense. Instead, the trial court determined that Jackson was in violation of probation by merely "being charged with a new offense[.]" (App. 67).

Based on the record before us, we conclude that the trial court abused its discretion by revoking Jackson's probation and we reverse the trial court's revocation of Jackson's probation. *See, e.g.*, *Martin*, 813 N.E.2d at 391 (holding that the fact criminal charges were filed against a probationer did not warrant revocation of probation); *Heaton*, 984 N.E.2d at 617 (holding that to revoke a defendant's probation based on the allegation that he committed a new criminal offense, the trial court must find that the evidence established by a preponderance of the evidence that the defendant committed a new criminal offense).

Reversed.

FRIEDLANDER, J., and MATHIAS, J., concur.