# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2018, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jaclyn M. Edgell, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | January 23, 2018 <br><br> Court of Appeals Case No. 48A05-1707-CR-1508 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Mark Dudley <br><br> Trial Court Cause No. 48C06-1607-F6-1515 |

**Kirsch, Judge.**

[1] Jacyln M. Edgell appeals the revocation of her probation, raising two issues:

> I. Whether the evidence was sufficient to support the finding of attempted dealing in methamphetamine; and

> II. Whether the sanction of full revocation of probation was an abuse of discretion.

[2] We affirm.

## Facts and Procedural History

[3] On July 28, 2016, the State charged Edgell with Count I, Level 6 felony possession of methamphetamine, Count II, Level 6 felony unlawful possession of a syringe, and Count III, Level 6 felony maintaining a common nuisance. On January 23, 2017, Edgell signed a plea agreement which included an agreement that her executed sentence would be capped at one year. On January 30, 2017, the trial court sentenced her to concurrent sentences of one and one-half years on each conviction, with 176 days executed and the balance suspended to probation.

[4] On April 18, 2017, Anderson Police Detective Michael Anderson, a member of the Madison County Drug Task Force, together with a confidential informant ("CI"), made contact with Kyle Champion, Edgell's husband, to set up a controlled buy to purchase 14.5 grams of methamphetamine. Champion told the CI that Edgell would be with him. Although Detective Anderson's testimony and the probable cause affidavit differ on the specific location of the meeting, it is undisputed that the four met.

[5] When Detective Anderson and the CI arrived at the agreed-upon location, the CI called Champion, and Champion and Edgell entered the detective's undercover vehicle. After introductions were made, Edgell and Champion advised the detective and the CI that any future drug transactions would have to go through Edgell because Champion had a job. At that point, the CI handed Edgell the $650.00 that Detective Anderson had previously given him for the methamphetamine purchase. Edgell exited the vehicle and walked through an empty field toward a house. Detective Anderson, the CI, and Champion waited for Edgell for approximately an hour, during which time Edgell spoke to Champion and the CI on the phone several times.

[6] At one point, Champion met Edgell in the field, and then Champion returned to the vehicle and explained to the detective and the CI that Edgell's source was having difficulty obtaining the methamphetamine. Edgell eventually called and informed Detective Anderson and the CI that her source was unable to provide the methamphetamine. Edgell did not deliver any methamphetamine to the detective and the CI that day and refunded the $650.00 she had received.

[7] On April 21, 2017, the State filed a notice of probation violation, alleging that Edgell: a) violated the law by committing a new crime, b) failed to report timely to the probation department, c) failed to pay her probation fees, d) failed to pay an administrative fee, e) failed to not associate with a known felon, and f) failed not to be at a place where illegal drugs are being used and possessed.

[8] At the beginning of the evidentiary hearing regarding the violation, the prosecutor stated that Edgell's new offense was originally charged as conspiracy to commit dealing in methamphetamine but that the charge had since been amended to attempted dealing in methamphetamine. The State withdrew the allegation that Edgell associated with a known felon. Edgell acknowledged that she had failed to pay her probation and administrative fees.

[9] The trial court found that Edgell violated her probation by committing attempted dealing in methamphetamine and by failing to pay her probation and administrative fees. The trial court revoked Edgell's probation and ordered her to execute the balance of her sentence at the Madison County Detention Center.

[10] Edgell appeals.

## Discussion and Decision

[11] Edgell challenges the sufficiency of the evidence to support the revocation of her probation and contends that the trial court abused its discretion when it ordered her to serve the remainder of her previously-suspended sentence at the Madison County Jail . "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*; *see also* Ind. Code § 35-38-2-3(a). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to

proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id*. Accordingly, we review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law." *Jackson*, 6 N.E.3d at 1042.

[12] Probation revocation is a two-step process. *Id*. "First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Id*. (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*.

## I. Probation Revocation

[13] On appeal, Edgell contends that the evidence was not sufficient to support the more serious violation of attempting to commit dealing in methamphetamine. She concedes that the trial court could revoke her probation based on her failure to pay her administrative and probationary fees but argues that such violations rarely support the full revocation of probation.

[14] "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime." I.C. § 35-41-5-1(a). Edgell contends that accepting the money did not constitute a substantial step.

[15] However, the evidence shows that she did more than just accept the money. The evidence presented shows that Champion told the CI during the first phone call that Edgell would be with him at the buy. Furthermore, when Edgell and Champion entered the undercover vehicle, they explained to the detective and the CI that Edgell would be responsible for any future drug deals. Edgell accepted the $650.00 from the CI and left the vehicle to obtain the methamphetamine that they wanted to purchase. Her efforts were made clear to the CI and the detective through Edgell's periodic phone calls and her meeting with Champion in a field. Edgell tried for an hour to obtain drugs and was unsuccessful only because her source was unable to locate any methamphetamine. Edgell argues that this scenario does not support the determination that she had attempted to deal in methamphetamine but rather shows nothing more than preparation to deal in methamphetamine because she never had the methamphetamine in her possession. Taking the money, she argues, was no more than preparation which is insufficient to constitute attempted dealing and did not amount to a substantial step to deal methamphetamine.

[16] We disagree. The evidence admitted at the hearing showed that Edgell acted with the culpability required for the commission of dealing in methamphetamine and engaged in conduct that constituted a substantial step toward the commission of the crime.

[17] As recognized above, the State has the burden of proving the violation of a condition of probation by a preponderance of the evidence. *Heaton*, 984 N.E.2d at 617. The State satisfied its burden here.

## II. Revocation of Entire Probation

[18] Next, Edgell contends that the trial court abused its discretion by revoking her entire probationary time. "We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion." *Johnson v. State*, 62 N.E.3d 1224, 1229-30 (Ind. Ct. App. 2016). "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court." *Id.*

[19] If a defendant is found to have violated his or her probation, a trial court may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; and/or (3) order all or part of a previously suspended sentence to be executed. Ind. Code § 35-38-2-3(g).

[20] We have affirmed the trial court's determination that Edgell committed the offense of attempting dealing in methamphetamine, the most serious of her violations. Her attempted procurement and subsequent resale of $650.00 worth of methamphetamine occurred less than three months after the trial court sentenced her for drug-related felonies and placed her on probation. Committing such an offense just after being released to probation from a previous sentence shows not only a lack of reform but also a lack of respect for the law. The trial court did not abuse its discretion when it ordered Edgell to execute her previously suspended sentence in its entirety.

[21] Affirmed.

[22] Bailey, J., and Pyle, J., concur.