## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 23 2018, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nakomi Tamasha Neal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 23, 2018

Court of Appeals Case No.
71A05-1708-CR-1869

Appeal from the
St. Joseph Superior Court

The Honorable
Jeffrey L. Sanford, Judge

Trial Court Cause No.
71D03-1104-FD-285

**Kirsch, Judge.**

[1] Nakomi Tamasha Neal ("Neal") appeals the revocation of his probation, contending that the trial court abused its discretion when it imposed his entire ten-year suspended sentence when it revoked his probation.

[2] We affirm.

## Facts and Procedural History

[3] In 2011, pursuant to a negotiated plea agreement, Neal pleaded guilty to burglary as a Class B felony and criminal recklessness as amended to a Class A misdemeanor. Sentencing was left to the discretion of the trial court with the executed portion capped at eight years. On August 18, 2011, the trial court imposed a ten-year sentence for burglary and a one-year sentence for criminal recklessness to be served concurrently. The 10-year aggregate sentence was fully suspended to six years of probation with the first three years of the probationary term to be served on home detention and the option of early termination of home detention after eighteen months if Neal successfully complied with the terms and conditions of home detention and probation.

[4] Neal was charged with a domestic battery that was committed on February 4, 2012. He was discharged from home detention on July 24, 2012, but allowed to continue on probation. On July 17, 2013, a petition to revoke his probation was filed, alleging that Neal had committed three new criminal offenses: resisting law enforcement as a Class A misdemeanor; invasion of privacy as a Class A misdemeanor; and battery as a Class B misdemeanor. The victim in this battery case (for which Neal was eventually convicted) was the same victim

as in the domestic battery case that led to Neal's removal from home detention in July 2012. On October 1, 2013, Neal admitted to the probation violation, and the trial court, at a dispositional hearing held an November 13, 2013, ordered Neal incarcerated for 244 actual days as a sanction. The trial court also ordered: "When the Defendant is released from custody, Defendant continued on probation for five years from today." *Appellant's App. Vol. II* at 77. Neal was in custody from November 13, 2013 until July 14, 2014.

[5] On August 15, 2016, the State filed a petition to revoke probation, alleging that Neal failed to complete court-ordered counseling, tested positive for alcohol and marijuana, and failed to pay his probation fees. The State added a first addendum to this petition on September 27, 2016, alleging that, on September 22, 2016, Neal committed a Level 5 felony by carrying a handgun without a license and criminal recklessness as a Level 6 felony. In a second addendum filed on February 13, 2017, the State alleged that, on July 16, 2016, Neal committed domestic battery as a Class A misdemeanor.

[6] Neal was convicted at a jury trial of the Level 5 felony carrying a handgun without a license charge.[1] Neal stipulated that his new conviction constituted a violation of probation. On August 15, 2017, the trial court ordered Neal's

---

[1] Neal received an aggregate sentence of six years for the case in which he was convicted of this handgun charge. His appeal challenging the appropriateness of that sentence was recently affirmed by this court. *See Neal v. State*, No. 71A03-1708-CR-1814 (Ind. Ct. App. Jan. 31, 2018).

original ten-year suspended sentence to be executed and served at the Department of Correction. Neal now appeals.

## Discussion and Decision

[7] Neal contends that the trial court abused its discretion when it ordered him to serve his entire ten-year previously-suspended sentence. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*; *see also* Ind. Code § 35-38-2-3(a). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id*. Accordingly, we review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law." *Jackson*, 6 N.E.3d at 1042.

[8] Probation revocation is a two-step process. *Id*. "First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Id*. (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)).

"Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id.* If a defendant is found to have violated his or her probation, a trial court may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; or (3) order all or part of a previously-suspended sentence to be executed. Ind. Code § 35-38-2-3(g).

[9] Neal repeatedly violated the terms of his probation by committing multiple new criminal offenses. The trial court had already shown leniency by not imposing his suspended sentence in his prior revocation proceedings. His home-detention, served as a condition of probation, was revoked less than a year after it began because he was convicted of domestic battery. Another petition to revoke his probation, based on another conviction for battery against the same victim, was granted. Finally, the revocation at issue was the result of a felony conviction for carrying a handgun without a license. Neal's behavior on probation shows him committing new violent crimes and being feloniously in possession of a handgun. The trial court's decision was not clearly against the logic and effect of the facts and circumstances before it, and the trial court did not abuse its discretion in revoking Neal's probation.

[10] As a result of his latest conviction which constituted the probation violation at issue here, Neal was sentenced to a total of six years executed in the Department of Correction, a maximum sentence for that conviction. Neal admitted that the new crime for which he was convicted constituted a violation of his probation. Without citation to legal precedent, Neal argues that the trial

court abused its discretion by imposing the entire ten-year suspended sentence in light of the fact that he received the maximum sentence for the underlying offense which constituted his probation violation. Committing the present offense in addition to his other offenses shows Neal's a lack of reform. The trial court did not abuse its discretion when it ordered Neal to execute his previously-suspended sentence in its entirety.

[11] Affirmed.

[12] Bailey, J., and Pyle, J., concur.