## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2018, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jacob P. Wahl
Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alberto Barrios,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 18, 2018<br><br>Court of Appeals Case No.<br>17A-CR-3012<br><br>Appeal from the<br>Pike Circuit Court<br><br>The Honorable<br>Jeffrey L. Biesterveld, Judge<br><br>Trial Court Cause No.<br>63C01-1609-F5-625 |

**Kirsch, Judge.**

[1] Alberto Barrios ("Barrios") appeals his probation revocation from community corrections placement, contending that the trial court abused its discretion when, after Barrios committed a new offense, it sentenced him to the Indiana Department of Correction ("DOC") for the remainder of his previously-suspended sentence.

[2] We affirm.

## Facts and Procedural History

[3] On September 20, 2016, Barrios poured gasoline on himself and threatened to set himself on fire if his wife, A.B., left him. Barrios's three children were in the residence when he made the threat. *Tr. Vol. II* at 12; *Appellant's App. Vol. 2* at 15-16. The State charged Barrios with neglect of a dependent, a Level 6 felony, and intimidation, a Level 5 felony. *Id*. at 2.

[4] Barrios entered into a plea agreement which required him to stay away from the victims until 2021, but permitted him to write to his children once a year. *Appellant's App. Vol. 2* at 42. Barrios pled guilty to intimidation, and the State dismissed the neglect charge. *Tr. Vol. II* at 12. The trial court sentenced Barrios to six years, all of which was suspended to probation. *Tr. Vol. II* at 9; *Appellant's App. Vol. 2* at 41.

[5] On April 9, 2017, Barrios called two of his children. *Id*. at 63-64. , The State filed a motion to revoke probation contending that Barrios committed invasion of privacy. *Appellant's App. Vol. 2* at 58, 62. The State alleged that Barrios waited outside of the church that A.B. and the children attended and attempted to contact them. *Id*. at 63. Barrios admitted to having direct contact with his children in

violation of his probation terms and to having been charged with a new offense as a result of the contact. *Tr. Vol. II* at 25. The trial court revoked his probation and ordered that the remainder of his sentence be served on a work release program through community corrections. *Tr. Vol. II* at 27-28; *Appellant's App. Vol. 2* at 73-74.

[6] On September 11, 2017, the State filed invasion of privacy charges against Barrios alleging that he called A.B. eight times in twenty minutes and that he left two messages, saying in one that he was going to retaliate against her because of what had been done to him. *Appellant's App. Vol. 2* at 77. On September 29, 2017, the State filed a motion to revoke community corrections.. *Id*. at 82.

[7] Barrios admitted calling A.B and acknowledged that doing so was a violation of the protective order and the terms of his work release. *Tr. Vol. II* at 40-41. He also stated that A.B. knew where he lived, that he walked every Sunday at the same time and that A.B. brought the children to that area and he saw them. *Id*. at 45. Barrios said that he attempted to contact his children because he missed them. *Id*. at 46.

[8] The trial court noted that Barrios admitted the allegations, that he had prior felony convictions and had violated probation, that he was a high risk to reoffend, and that prior lenient treatment was not successful. *Id*. at 61. The court concluded that it had no choice other than revoking his placement in community corrections and ordering him to serve the remainder of his previously-suspended sentence at in the DOC. *Id*. at 62. Barrios now appeals.

# Discussion and Decision

[9] Barrios argues that the trial court abused its discretion when it ordered him to serve the remainder of his previously-suspended six-year sentence. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*; *see also* Ind. Code § 35-38-2-3(a). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id*. Accordingly, we review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law." *Jackson*, 6 N.E.3d at 1042.

[10] Probation revocation is a two-step process. *Id*. "First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Id*. (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*. If a defendant is found to have violated probation, a trial court may (1) continue the defendant on probation; (2) extend the probationary

period for not more than one year beyond the original period; or (3) order all or part of a previously-suspended sentence to be executed. Ind. Code § 35-38-2-3(g).

[11] Barrios repeatedly violated the terms of his probation by contacting his children. On December 7, 2016, Barrios entered into a plea agreement with the State. Under the agreement, Barrios was prohibited from going to A.B.'s residence, his children's school, and places where they frequented. Barrios was permitted to correspond with his children once a year. In return, the State agreed to a suspended sentence of six years on probation with credit for time served and GPS monitoring.

[12] On August 28, 2017, a probation violation hearing was held in which Barrios admitted to contacting his wife and children in April 2017. The trial court imposed a sentence of five years and seventy-two days to be served at Wabash Valley Regional Community Corrections in the work release program.

[13] Three weeks later, on September 11, 2017, Barrios contacted his family again, calling them eight times and leaving two messages, one of which threatened retaliation. The trial court ordered Barrios to serve his previously-suspended sentence in its entirety. Barrios had (1) an extensive criminal history with felony violations, (2) recently violated his probation, (2) failed to respond to more-lenient treatment, and (4) a high risk of re-offending. The trial court's decision ordering Barrios to serve the remainder of his six-year sentence was not clearly against the logic and effect of the facts and circumstance before it, and the court did not abuse its discretion in revoking Barrios' probation.

Barrios also contends that his sentence should have been modified, allowing him to remain on community corrections and providing an avenue to rehabilitate his relationship with his children. Barrios raises this argument for the first time on appeal, and it is, therefore, waived. *See, e.g., Sisson v. State*, 985 N.E.2d 1, 12 (Ind. Ct. App. 2012) (arguments raised for the first time on appeal are waived and will not be considered on appeal); *Jackson v. State*, 712 N.E.2d 986, 988 (Ind. 1999) (finding that the defendant cannot make a new argument for the first time on appeal); *Willsey v. State*, 698 N.E.2d 784, 793 (Ind. 1998) (stating that a defendant may not raise one ground for objection at trial and argue a different ground on appeal).

Affirmed.

Baker, J., and Bradford, J., concur.