## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 18 2018, 10:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| John T. Wilson | Curtis T. Hill, Jr. |
| Anderson, Indiana | Attorney General of Indiana |
| | Chandra K. Hein |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Burgess, | July 18, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 18A-CR-208 |
| v. | Appeal from the Henry Circuit Court |
| State of Indiana, | The Honorable Kit C. Dean Crane, Judge. |
| *Appellee-Plaintiff.* | Trial Court Cause No. 33C02-1402-FA-4 |

**Kirsch, Judge.**

Michael Burgess ("Burgess") appeals his probation revocation, contending that the trial court abused its discretion when, after Burgess failed two drug screens and failed to comply with substance abuse treatment, it sentenced him to the Indiana Department of Correction ("DOC") for the remainder of his previously-suspended sentence.

We affirm.

## Facts and Procedural History

On March 26, 2013, Burgess pleaded guilty to dealing in a schedule II-controlled substance, a Class B felony. He was sentenced to eighteen years in the DOC with four years suspended. *Appellant's App. Vol. 2* at 24-25. Just over a year after he started serving his sentence, Burgess filed a motion to modify his sentence, and on January 26, 2016, the trial court agreed to suspend Burgess's remaining sentence to probation. *Id*. at 8, 9, 44. On June 29, 2017 and September 6, 2017, the probation department filed petitions to revoke Burgess's probation because he tested positive for marijuana. *Id*. at 47-54. At the dispositional hearing, the State presented testimony of Kevin Moore ("Moore"), Burgess's probation officer. *Tr. Vol. II* at 24, 27. Moore testified that his first appointment with Burgess was on February 17, 2016, and

> Since that time, I repeatedly tried to get the defendant to comply with substance abuse treatment at Meridian Services. In all honesty, I probably gave him longer than I should have before the violation was filed. I continued to advise him that if he didn't comply, a violation would be filed. Not only did he not comply with Meridian Services, he tested positive on two drug screens.

> Probation can only do so much, and we can't do it for him. After a certain point, it's – it's clear that -- that the defendant is not a good candidate for probation, simply for the fact that he refused, repeatedly, to comply with the terms and conditions that were asked of him.

*Id*. at 28.

[4]     Meridian Services, the center where Burgess was receiving treatment, indicated that Burgess was "[n]on-compliant (Risk for relapse is predicted): Inconsistent attendance in treatment, and not working in [sic] recovery." *Appellant's App. Vol. 2* at 51. Burgess admitted to the violations of the conditions of his probation, and the trial court sentenced him to DOC for the remainder of his previously suspended sentence. *Tr. Vol. II* at 43. Burgess now appeals.

## Discussion and Decision

[5] Burgess argues that the trial court abused its discretion when it ordered him to serve the remainder of his previously-suspended eighteen-year sentence. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). "The trial court determines the conditions of probation and may revoke probation if the conditions are violated." *Id.*; *see also* Ind. Code § 35-38-2-3(a). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts

and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id*. Accordingly, we review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law." *Jackson*, 6 N.E.3d at 1042.

[6] Probation revocation is a two-step process. *Id*. "First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Id*. (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*. If a defendant is found to have violated probation, a trial court may (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; or (3) order all or part of a previously-suspended sentence to be executed. Ind. Code § 35-38-2-3(g).

[7] Under the terms of his probation, Burgess was not to purchase, possess, or consume any alcoholic beverage, intoxicating liquor, marijuana, drug, or controlled substance of any kind, unless legally prescribed to him. *Tr. Vol. II* at 5. On August 24, 2017, a probation violation hearing was held regarding a positive drug screen that Burgess submitted to the Henry County Probation Department on June 14, 2017. The drug screen indicated that Burgess had used marijuana. The trial court ordered Burgess to submit to a random drug

screen following the hearing, and Burgess admitted that he would likely fail the drug screen because he was "stressing." *Id.* at 10. The drug screen collected was positive for marijuana.

[8] Burgess was required to obtain a substance abuse evaluation and follow any recommended treatment as a term of his probation. *Id.* at 19. He admitted that he stopped attending Meridian Services because he did not have health insurance and stated that he started attending Anchor Behavioral Counseling. *Id.* at 20. He did not complete his treatment at either agency. *Id.* at 21. Because Burgess failed to comply with the terms of his probation, failed to refrain from the use of illegal drugs, and failed to comply with substance abuse treatment, the trial court revoked Burgess's suspended sentence. The trial court's decision ordering Burgess to serve the remainder of his sentence at the Indiana Department of Correction was not clearly against the logic and effect of the facts and circumstance before it, and the trial court did not abuse its discretion in revoking Burgess's probation.

[9] Affirmed.

[10] Baker, J., and Bradford, J., concur.