## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 18 2018, 10:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alex P. Bice, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 18, 2018 <br><br> Court of Appeals Case No. <br> 18A-CR-124 <br><br> Appeal from the <br> Allen Superior Court <br><br> The Honorable <br> Samuel Keirns, Magistrate <br><br> Trial Court Cause No. <br> 02D05-1104-FC-108 |

**Kirsch, Judge.**

After failing to attend required counseling classes, Alex P. Bice's ("Bice") probation was revoked, and the trial court sentenced him to the Indiana Department of Correction ("the DOC") for the remainder of his previously-suspended sentence. Bice now appeals and raises the following restated issues:

> I. Whether the evidence was sufficient to support the revocation of Bice's probation; and

> II. Whether the trial court abused its discretion in its sentencing decision upon finding that Bice violated his probation.

We affirm.

## Facts and Procedural History

After cashing two forged checks made payable to himself totaling $1,850, Bice was charged on April 25, 2011, with two counts of forgery and two counts of receiving stolen property. He pleaded guilty to a single count of forgery and, by agreement, was ordered to serve a six-year sentence with four years suspended to probation. Bice was ordered as a condition of probation to attend counseling programs.

On June 15, 2014, the State filed a petition to revoke Bice's probation, alleging that he had committed Level 6 felony domestic battery, Level 6 felony strangulation, and Class A misdemeanor interference with the reporting of a crime. Bice admitted to these probation violations, and the trial court modified his sentence to one year executed at the DOC, followed by five years of

probation. Because Bice was inconsistent with reporting and paying probation fees, on July 20, 2017, his probation officer had Bice sign a document called "Notice to Appear," which put Bice on notice that a petition to revoke probation was being contemplated due to his "[f]ailure to attend/complete counseling" and his "[f]ailure to pay fees and restitution in a timely manner." *Appellant's App. Vol. II* at 66. An informal hearing was held on July 28, 2017, at which Bice agreed to pay fees and to enroll in a counseling program. *Id.* at 72.

[5] During his probation, Bice was referred to Allen County Community Corrections (the coordinating program for counseling classes) five times, but never fully completed any program. *Id.* He was scheduled for an orientation appointment into the Marketplace Treatment counseling program on September 5, 2017, but rescheduled it for September 12, 2017. *Tr. Vol. 2* at 15. On this rescheduled date, Bice emailed the class coordinator forty-five minutes before his appointment stating that he had to go to work and asked to reschedule. *Id.* He rescheduled for September 19, 2017. *Id.* at 15-16. Approximately an hour before this rescheduled meeting, Bice sent the coordinator an email stating that he had car problems and asked to reschedule again. *Id.* Bice finally attended the orientation on September 26, 2017 and was scheduled to start classes on October 11, 2017. *Id.* at 16.

[6] The Allen County Community Corrections Program's attendance policy, with which Bice agreed to comply, mandates that no attendee may miss two consecutive class sessions "without notification and permission from [the] facilitator." *State's Ex.* 1. Bice missed the first class on October 11, 2017 and

sent an email just as the class was ending that he was at the hospital with his sister who was having a baby. *Tr. Vol. 2* at 17. The next class was set for the next day. Bice did not attend this class either, although he stated in an email sent the previous day that he would be able to attend. *Id*. at 18-19. The third class was set for October 13, 2017, and Bice did not attend this class, leaving a voicemail that he would not be attending. *Id*. at 18. He had no prior permission to miss these classes. *Id*.

[7] The State filed a petition to revoke Bice's probation, alleging that he had failed to attend or complete counseling and had not paid required fees and restitution. *Appellant's App. Vol. II* at 67. Bice was found to have violated his probation by the trial court. The trial court ordered Bice's suspended sentence executed at the DOC. *Id*. at 84. The trial court amended this order on December 21, 2017, allowing Bice to serve the sentence on work release. *Id*. at 90. Bice now appeals.

## Discussion and Decision

[8] Bice challenges the sufficiency of the evidence to support the revocation of his probation and contends that the trial court abused its discretion when it ordered him to serve the remainder of his previously-suspended sentence at the DOC. "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014) (quoting *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). "The trial court determines the conditions of probation and may revoke probation if

the conditions are violated." *Id.*; *see also* Ind. Code § 35-38-2-3(a). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed." *Prewitt*, 878 N.E.2d at 188. "If this discretion were not afforded to trial courts, and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id*. Accordingly, we review a trial court's probation violation determination for an abuse of discretion. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law." *Jackson*, 6 N.E.3d at 1042.

[9] Probation revocation is a two-step process. *Id*. "First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Id*. (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*.

# I. Probation Revocation

[10] On appeal, Bice contends that the evidence was not sufficient to support the revocation of his probation. A probation revocation hearing is in the nature of a civil proceeding. *Marsh v. State*, 818 N.E.2d 143, 148 (Ind. Ct. App. 2004). Therefore, an alleged violation of probation only has to be proven by a preponderance of the evidence. *Id.* When we review the determination that a

probation violation has occurred, we neither reweigh the evidence nor reassess witness credibility. *Id.* "Instead, we look at the evidence most favorable to the probation court's judgment and determine whether there is substantial evidence of probative value supporting revocation. If so, we will affirm." *Id.* We consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from that evidence. *Fuentes v. State,* 10 N.E.3d 68, 75 (Ind. Ct. App. 2014), *trans. denied.*

[11] Bice contends that the evidence presented by the State at his trial was not sufficient to support the revocation of his probation. Bice agrees that he was ordered to complete the Marketplace Treatment Plan and that he signed an agreement which provided that he could not miss two consecutive sessions unless he notified and received permission from the program facilitator. He claims that the emails he sent to the facilitator, explaining his absence was due to a family emergency in Indianapolis, constituted adequate requests for permission to miss the sessions held in Fort Wayne. We disagree.

[12] Bice admitted that he was aware that the Marketplace Treatment Plan was a part of being on probation and that it was important for him to complete the counseling program. *Tr. Vol. 2* at 26. Bice also admitted that he was aware that if he did not complete Marketplace Treatment Plan, he would face going back to prison. *Id.* Bice acknowledged that he signed a document which stated that if he was going to miss two consecutive sessions, he needed to notify his facilitator and obtain her permission. *Id.* at 27. Bice conceded that he did not have permission from his facilitator to miss two consecutive sessions and that

he did not complete the Marketplace Treatment Plan. Therefore, sufficient evidence was presented to support revocation of Bice's probation.

## II. Revocation of Entire Sentence

[13] Bice also argues that the trial court abused its discretion when it ordered him to serve the remainder of his previously-suspended five-year sentence. "We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion." *Johnson v. State*, 62 N.E.3d 1224, 1229-30 (Ind. Ct. App. 2016). "An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court." *Id*.

[14] If a defendant is found to have violated his or her probation, a trial court may impose one or more of the following: (1) continue the defendant on probation; (2) extend the probationary period for not more than one year beyond the original period; (3) order all or part of a previously suspended sentence to be executed. Ind. Code § 35-38-2-3(h).

[15] Bice contends that, even if the trial court was correct that he violated his probation as charged, the trial court abused its discretion by ordering the execution of the entire five-year sentence that had been suspended on October 30, 2014. Bice argues that he was not attempting to avoid or defy the requirements of his probation, claiming that he made attempts to notify Marketplace Treatment personnel that he would not be able to attend those two consecutive sessions and the reasons why he could not attend those two consecutive sessions. However, we find that, based on the record before us, the

trial court did not abuse its discretion when it ordered Bice to serve the remainder of this previously-suspended five-year sentence at the DOC.

[16]    Here, Karen Lasocha ("Lasocha"), Allen County Corrections Program Section Chief, testified that Bice called her and left a voicemail on September 5, 2017, stating that he wanted to reschedule the Marketplace Treatment orientation. *Id.* at 15. On September 12, 2017, Bice emailed Lasocha forty-five minutes before his appointment and stated that he had to work and needed to reschedule again. *Id.* The appointment was then rescheduled for September 19, 2017. *Id.* On September 19, 2017, Lasocha testified that Bice emailed her about an hour before orientation, stating that he had broken a fan belt in his car and wanted to know if he could reschedule. *Id.* at 16. On September 26, 2017, Bice was supposed to attend orientation at 9:45 a.m. *Id.* Instead, Bice emailed his probation officer and stated that he was with his stepdad and asked if he could attend the evening orientation which he received approval to do. *Id.* Following his orientation, Bice was supposed to start the Marketplace Treatment classes, which he failed to complete. *Id.* Because Bice displayed a history of repeatedly rescheduling his appointments with Marketplace Treatment and failed to complete the program as required by the terms of his probation, the trial court did not abuse its discretion by ordering him to serve the remainder of his previously-suspended five-year sentence at the DOC.

[17]    Affirmed.

Baker, J., and Bradford, J., concur.