## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2019, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Clifford M. Davenport
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dustin W. Bass,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 23, 2019

Court of Appeals Case No.
18A-CR-1229

Appeal from the Madison Circuit Court

The Honorable Thomas Newman, Judge

Trial Court Cause No.
48C03-1412-F5-2089

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Dustin W. Bass (Bass), appeals the trial court's revocation of his probation and imposition of sentence.

We affirm.

# ISSUES

Bass presents this court with two issues on appeal which we restate as follows:

(1) Whether the State presented sufficient evidence to establish Bass' violation of the terms of his probation by a preponderance of the evidence; and

(2) Whether the trial court abused its discretion by revoking Bass' suspended sentence and ordering his previously-suspended sentence to be served at the Department of Correction (DOC).

# FACTS AND PROCEDURAL HISTORY

On December 1, 2014, the State filed an Information, charging Bass with operating a motor vehicle after forfeiture of license for life, a Level 5 felony. On March 24, 2016, the Madison County Probation Department filed a violation of executed sentence, alleging that Bass had committed several new offenses while serving his probation. The State charged Bass with these new offenses under Cause 48C03-1603-F5-000558 (Cause 558). Bass admitted to having violated the conditions of his probation in the instant Cause and the trial court placed him in the Madison County Problem Solving Court after the sanctions hearing

on May 2, 2016. Bass was ordered to undergo a mental health evaluation and the parties entered an agreement for entry into the Mental Health Court on June 15, 2016. The trial court deferred further sanctions in the instant Cause as well as sentencing in Cause 558 to give Bass an opportunity to successfully complete Mental Health Court.

[5] After Bass failed to appear for a review hearing on July 12, 2016 and had incurred multiple program violations, the trial court issued a warrant for his arrest and ordered Bass into custody until space was available with work release. At numerous subsequent review hearings held between September 21, 2016 and August 16, 2017, Bass was found to be in compliance with the programs of the Problem Solving Court and the Mental Health Court.

[6] On September 21, 2017, the State filed a termination request of the Mental Health Court requirements, alleging that Bass had failed to abstain from the use of illicit drugs and had failed to report. At the hearing on October 16, 2017, Bass admitted to using K2, otherwise known as Spice. At that hearing, Katie McCoy (McCoy), Bass' case manager at the Problem Solving Court, testified that despite the completion of some program courses, Bass continued to violate the program rules and he was dishonest and deceptive, having denied his use of Spice during initial questioning. It was McCoy's position that Bass was "not ready to commit to a recovery based lifestyle at this time." (Transcript p. 61). At the conclusion of the hearing, the trial court ordered Bass terminated from the Problem Solving Court and ordered a substance abuse evaluation and a psychological evaluation.

On October 30, 2017, Bass pled guilty to operating a motor vehicle after forfeiture of license for life, a Level 5 felony; possession of a narcotic drug, a Level 6 felony; and possession of paraphernalia, a Class C misdemeanor in Cause 558. The trial court sentenced Bass to an aggregate sentence of five years, suspended to probation. During the sanctions hearing in the instant Cause, Bass was placed on probation for two years and five months, to be served consecutively to his sentence in Cause 558. His probation conditions included residing at Stepping Stones, monitoring of all medications, and compliance with the recommendations of his psychiatric care provider, Maxine Cook (Cook).

On November 9, 2017, the probation department filed a notice of violations of probation. During the evidentiary hearing on December 13, 2017, the State alleged that Bass had neglected to inform the probation department of his changed address, had failed to comply with Cook's recommendations, had failed to maintain employment for at least 20 hours per week, and failed to reside at Stepping Stones where his medications would be monitored. Tim Warrum (Warrum), Bass' probation officer, testified that he had learned on November 29, 2017, that Bass had been placed on in-home detention in a Marion County case. In fact, Bass, while placed on in-home detention in Marion County, went to the Wheeler Mission on November 2, 2017, after only one day's residency at Stepping Stones where he had been ordered to reside. The trial court concluded that Bass had violated the conditions of his probation by leaving Stepping Stones, where his medications would have been monitored,

by failing to keep the probation department informed of his address, by failing to maintain employment, and by failing to comply with his treatment program. The trial court revoked his probation and ordered his previously-suspended sentence to be served at the DOC.

Bass now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

### I. *Sufficiency of the Evidence*

Bass contends that the State failed to establish sufficient evidence that he violated his probation. Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id*. We review a trial court's probation violation determination using an abuse of discretion standard. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id*. In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2014). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id*.

[11] Probation revocation is a two-step process, wherein the trial court first makes a factual determination as to whether the probationer violated the terms of his probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Then, if a violation is found, the court determines whether the violation warrants revocation. *Id*. Because a probation revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). Proof of a single violation is sufficient to permit a trial court to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*.

[12] During the evidentiary hearing, the State presented the testimony of Warrum, who stated that he had reviewed the terms of probation with Bass. "[A] little over a week after he was on probation," Warrum filed a notice of probation violation, alleging that Bass had failed to reside at Stepping Stones, where his medications would be monitored, to keep the probation department informed of his address, to maintain employment, and to comply with his treatment program. (Tr. p. 83).

[13] Although Bass admitted that he left Stepping Stones on November 2, 2017 after only residing there one day, he maintains that he contacted Marion County probation about in-home detention at the direction of Warrum and was subsequently placed on home detention in Marion County. Nonetheless, on redirect, Warrum testified that he was unaware of a Marion County case until he was contacted by a Marion County Officer on November 29, 2017 informing him that Bass was in the Marion County Detention Center. In essence, Bass is

now requesting this court to reweigh the evidence and the credibility of the witnesses; an invitation which we decline. *See Ripps*, 968 N.E.2d at 326. Therefore, we find that the State presented substantial evidence of probative value in support of its allegation. *See Beeler*, 959 N.E.2d at 830 (proof of a single violation is sufficient to permit a trial court to revoke probation), *trans. denied*.

## II. *Sentence*

[14] Bass also maintains that the trial court abused its discretion when it remanded him to the DOC for the remainder of his previously-suspended sentence. We review the trial court's decision on sanctions for probation violations for an abuse of discretion. *Prewitt*, 879 N.E.2d at 188. Contending that he did not intentionally violate his terms of probation, Bass requests this court to reverse the trial court's sentence and to allow him to continue on probation.

[15] Having concluded that Bass committed a probation violation, the trial court could impose one or more of the following sanctions: (1) continue Bass' probation, with or without modifying or enlarging the conditions; (2) extend his probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing. Ind. Code § 35-38-2-3(h). Pursuant to the statute, the trial court chose to order the execution of all of Bass' previously-suspended term.

[16] The instant probation violation is not the only violation of record in the underlying Cause. Bass was first violated when he committed the offenses in

Cause 558. As a grace and incentive, the trial court deferred sanctions in the instant Cause and sentencing in Cause 558 to give Bass an opportunity to successfully complete programs at the Mental Health Court. Nevertheless, instead of availing himself of the offered opportunity, Bass was terminated because he admitted to using Spice, besides several other violations. McCoy, Bass' case manager at the time, testified that despite the completion of some program courses, Bass was dishonest and deceptive, and "not ready to commit to a recovery based lifestyle at this time." (Tr. p. 61). Again, during the instant violation, he refused to take responsibility, instead alleging that he accidentally violated his terms of probation at the instigation of Warrum who told him to contact Marion County. In light of the accumulated evidence, there is little reason to believe that Bass will discontinue this pattern absent incarceration. Accordingly, we find no abuse of discretion in the trial court's choice of sanction.

# CONCLUSION

[17] Based on the foregoing, we hold that the trial court did not abused its discretion in revoking Bass' probation and imposing his previously-suspended sentence.

[18] Affirmed.

[19] Kirsch, J. and Robb, J. concur