## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 06 2020, 10:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gerardo Hurtado,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 6, 2020<br><br>Court of Appeals Case No.<br>20A-CR-653<br><br>Appeal from the Bartholomew<br>Superior Court<br><br>The Honorable Jack A. Tandy,<br>Senior Judge<br><br>Trial Court Cause No.<br>03D02-1703-F6-1536 |

**Crone, Judge.**

# Case Summary

[1] Gerardo Hurtado appeals the revocation of his probation, arguing that the trial court abused its discretion in finding that he violated the terms of his probation. Finding that the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[2] On August 16, 2019, Hurtado was convicted of level 6 felony resisting law enforcement.[1] On September 30, 2019, the trial court sentenced Hurtado to two years, all suspended to probation except for time served. The terms of Hurtado's probation included that he was to obey all laws of the State of Indiana and report to his probation officer at reasonable times as directed. As a special term of probation, Hurtado was required to obtain a mental health evaluation from a licensed psychologist/psychiatrist within sixty days, submit it to his probation officer, and comply with the treatment recommendations.

[3] On October 4, 2019, Hurtado was released from jail and reported to the probation office. His initial orientation meeting was scheduled for October 24. He arrived late and missed the orientation but met with his probation officer, who rescheduled his orientation for the following day. Hurtado arrived late for that appointment as well and was unable to successfully complete orientation. He did meet with his probation officer for forty minutes. Pursuant to Indiana

---

[1] Hurtado's conviction was affirmed on appeal. *Hurtado v. State*, No. 19A-CR-2345, 2020 WL 2188775, (Ind. Ct. App. May 6, 2020).

Code Sections 10-13-6-10 and 35-38-1-27, Hurtado was required to provide a DNA sample,[2] and his probation officer was prepared to collect his DNA sample. Hurtado would not provide the DNA sample, saying that he was "not giving anymore [sic] fingerprints or DNA to this State." Tr. Vol. 2 at 7.[3]

The probation officer rescheduled Hurtado's orientation for October 31 at 1:30 p.m. Hurtado failed to report and called his probation officer at 1:36 p.m. to inform her that he was unable to obtain transportation because his mother was out of town. The probation officer rescheduled his appointment for November 13, but he failed to report or call in that day. Hurtado did not submit a mental health evaluation to his probation officer.

On December 4, 2019, the State filed a petition to revoke Hurtado's probation, alleging that he violated the conditions of probation by failing to report to his probation officer as directed, failing to submit to a mental health evaluation, and failing to provide a DNA sample pursuant to Indiana Code Sections 10-13-6-10 and 35-38-1-27. Appellant's App. Vol. 2 at 31. At the factfinding hearing,

___

[2] Indiana Code Section 10-13-6-10 requires a person convicted of a felony after June 20, 2005, whether or not the person is sentenced to a term of imprisonment, to provide a DNA sample. Section 35-38-1-27 requires a court imposing a sentence that does not involve a commitment to the Department of Correction to require a person described in Section 10-13-6-10 and who has not previously provided a DNA sample to provide a DNA sample as a condition of the sentence. In addition, Section 35-38-1-27(d) provides, "A person's failure to provide a DNA sample is grounds for revocation of the person's probation, community corrections placement, or other conditional release."

[3] Hurtado labeled both the table of contents for the transcript of the factfinding hearing and the transcript itself as volume 1 of 2. We cite the transcript as volume 2.

Hurtado and his probation officer testified. When Hurtado's attorney asked him if he would submit to a DNA sample, Hurtado replied,

> If I absolutely have to then when this is all settled properly, when I really get a fair trial, and a true investigation to what really happened, and they say just like the officers told me, that your finger prints will be removed from the database and my DNA will be removed from the database, when this is settled properly, then I'll provide one.

Tr. Vol. 2 at 10.

[6] At the conclusion of the hearing, the trial court found that Hurtado had violated the terms of probation as alleged, ordered him to serve the remainder of his sentence in the Bartholomew County Jail, and determined that his probation would terminate unsuccessfully upon completion of his jail time. This appeal ensued.

## Discussion and Decision

[7] Hurtado maintains that the trial court abused its discretion in determining that he violated the terms of his probation.[4] We observe that probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal

---

[4] The State contends that Hurtado's appeal is moot because he has likely been released from jail by this time and cannot be returned to probation. Regardless of whether he can be returned to probation, the State's argument ignores the trial court's determination that Hurtado's probation would be terminated unsuccessfully upon his completion of jail time. That determination will become part of his permanent criminal record. If we were to reverse the trial court's finding that he violated his probation, as he requests, that determination would be removed from his record. As such, we decline to find that his appeal is moot.

defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation and may revoke probation if the probationer violates those conditions. *Id.* Probation revocation is a two-step process, wherein the trial court first makes a factual determination as to whether the probationer violated the terms of his probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Then, if a violation is found, the court determines whether the violation warrants revocation. *Id.*

[8] Because a probation revocation proceeding is civil in nature, the State need only prove the alleged probation violation by a preponderance of the evidence. *Holmes v. State*, 923 N.E.2d 479, 485 (Ind. Ct. App. 2010). Proof of a single violation is sufficient to permit a trial court to revoke probation. *Beeler v. State*, 959 N.E.2d 828, 830 (Ind. Ct. App. 2011), *trans. denied*. We review a trial court's probation violation determination using an abuse of discretion standard. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id.* In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009).

[9] Turning first to Hurtado's failure to report to his probation officer as directed, the record shows that he was late for his orientation appointments on October

24 and 25 and therefore was unable to successfully complete orientation. He missed his appointments on October 31 and on November 13. He failed to inform his probation officer in advance that he would not be able to attend the October 31 appointment and missed the November 13 appointment without any attempt to contact his probation officer. He appears to argue that his tardiness and missed appointments should be excused due to alleged transportation issues. This argument is merely an invitation to reweigh evidence, which we must decline.

[10] As for Hurtado's failure to provide a DNA sample as required by statute, he contends that he did not refuse but wanted to wait until he could speak with his appellate attorney. His probation officer testified that Hurtado refused to give "anymore [sic] fingerprints or DNA to this State." Tr. Vol. 2 at 7. Again, this is an invitation to reweigh the evidence, which we must decline. Indiana Code Section 35-38-1-27 provides that a person's failure to provide a DNA sample is grounds for revocation of the person's probation.

[11] Finally, Hurtado asserts that his probation was scheduled to last 304 days, but he did not have sufficient opportunity to submit to a mental health evaluation because his probation was cut short by the petition to revoke. His probation may have been scheduled to last 304 days, but Hurtado was required to obtain a mental health evaluation within sixty days of the commencement of his probationary term. He did not do so. We conclude that the trial court acted within its discretion in determining that Hurtado violated the terms of his probation. Accordingly, we affirm.

[12]   Affirmed.

Robb, J., and Brown, J., concur.